IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES AUGUSTUS STEEN, III,

    Plaintiff,

    vs.                                    CIVIL NO. 01-211 BB/ACT

DR. SEUSS ENTERPRISES, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court *sua sponte.*

I. BACKGROUND

On May 22, 2003, the Clerk of Court sent a letter to the Plaintiff putting the Plaintiff on notice that, unless service was effected upon the remaining defendants within eleven days of the date of the Clerk's letter, the Plaintiff's case would be dismissed without prejudice. The Clerk also indicated that over two years had elapsed from the filing date of the complaint to the date of the letter, and that Fed.R.Civ.P. 4(m) allows only 120 days within which a complaint is to be served on a defendant. To date, the Court record reflects that none of the remaining defendants have been served with the complaint.

II. ANALYSIS

Fed.R.Civ.P. 4(m) provides in relevant part that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that defendant . . . .

Plaintiffs were notified after two years that their lawsuit would be dismissed unless service

was effected within eleven days of the date of the Clerk's notification letter--May 22, 2003. Today's date is June 18, 2003. Twenty-Seven days have elapsed since the Clerk's notification letter, and the record reflects that the Plaintiff has failed to comply with that letter.

Furthermore, the court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket, promote judicial efficiency, and deter frivolous filings. Martinez v. Internal Revenue Service, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretionary authority of the Court is to dismiss an action for want of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). On this point, the Court further notes that the plaintiff failed to appear at a scheduling conference on May 14, 2003 before U.S. Magistrate Judge Alan C. Torgerson (*see* Clerk's Minutes, Doc. No. 18).

Based on the Plaintiff's lack of action in this case, his complaint will be dismissed without prejudice for want of prosecution.

**WHEREFORE,**

**IT IS ORDERED** that this cause of action be, and hereby is, **DISMISSED** without prejudice.

Dated at Albuquerque this 18th day of June, 2003.

_____
UNITED STATES DISTRICT JUDGE