IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHARLES AUGUSTUS STEEN, III,**

**Plaintiff,**

vs.                                                                  Civ. No.   01-211 JCH/ACT

**DR. SEUSS ENTERPRISES, et al.,**

**Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff [Doc. 22], which is apparently both a motion to reopen this case, which was closed ten years ago, and a new complaint requesting relief. After consideration of the motion, response, and reply, as well as the relevant legal authorities, the Court will deny the motion to reopen the case.

## BACKGROUND

The relevant history of this case is as follows. On February 22, 2001, Plaintiff filed his Complaint asserting claims of copyright infringement against Defendants. On July 6, 2001, the Court granted the motion by Defendant Audrey Giesel to dismiss the claims against her for lack of personal jurisdiction and insufficient process. Progress in the case essentially stalled at that point, until on May 22, 2003, the Clerk of the Court entered a notice informing Plaintiff that his complaint would be dismissed unless he properly served the remaining Defendants within 11

days. Plaintiff failed to meet that requirement, and therefore on June 18, 2003, the Court dismissed Plaintiff's claims without prejudice. There the matter stood for almost ten years.

On March 20, 2013, Plaintiff filed the motion that is the subject of this *Memorandum Opinion and Order*, as well as a letter written to the Court, the FBI, the Department of Justice and Catholic University. Shortly thereafter, Plaintiff filed documents indicated his efforts to serve the Defendants. *See* Docs. 25, 26, and 27.  On April 19, 2013, Defendant Dr. Seuss Enterprises, L.P. filed its response (Doc. 28) to Plaintiff's motion, and on May 8, 2013, Plaintiff filed his reply (Doc. 31).

## DISCUSSION

In its previous Memorandum Opinion and Order, the Court dismissed Plaintiff's claims without prejudice and closed the case.  With the motion presently before the Court, Plaintiff is effectively asking the Court to alter its previous judgment, reopen the case, and allow his claims to proceed.

There are only two procedural mechanisms by which the Court could grant the relief that Plaintiff requests. The first is to view the motion as one to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. However, Rule 59(e) specifically provides that a motion filed under that rule "must be filed no later than 28 days after the entry of the judgment."  Plaintiff's motion is untimely under Rule 59(e).

The second possible mechanism is Rule 60(b), which provides for relief from a final judgment, order, or proceeding. Rule 60(b) sets forth six possible grounds upon which one may move for relief from a judgment. In his motion, Plaintiff has failed to explain how the circumstances of this case satisfy any of those six criteria. Thus, Rule 60(b) offers no aid to Plaintiff. In addition, Rule 60(c) provides that motions made under Rule 60(b)(1), (2), and (3)

must be made no later than one year after entry of the judgment, a condition that Plaintiff cannot satisfy in this case.  Furthermore, Rule 60(c) provides that motions made under Rule 60(b)(4), (5), and (6) must be made within a reasonable time.  Nothing in the record or in Plaintiff's motion indicates that the passage of almost ten years between the entry of the judgment and Plaintiff's motion to reopen the case is reasonable.

For all the of the foregoing reasons, the Court concludes that Plaintiff's motion to reopen this case should be denied.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's motion to reopen this case [Doc. 22] is **DENIED**;

(2) Plaintiff's Request to Strike [Doc. 32], *Plaintiff's Request for Summary Judgement* [Doc. 37], and *Plaintiff's Request of Default Judgment* [Doc. 39] are all **DENIED AS MOOT**.

_____
**UNITED STATES DISTRICT JUDGE**